UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATIOMATS.COM, LLC,
n/k/a Alterra Capital, LLC,

    Plaintiff,

v.    Case No. 8:11-cv-1592-T-24 TBM

KEECO LLC,

    Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court on Defendant's Motion to Stay Pending Arbitration, or in the Alternative, to Dismiss the Complaint, or to Dismiss Count III (Civil Theft). (Doc. No. 7). Plaintiff has filed a response (Doc. No. 15), to which Defendant has filed a reply (Doc. No. 18).

Plaintiff filed a complaint, in which it alleges the following (Doc. No. 2): Plaintiff and Defendant entered into an asset purchase agreement, in which Plaintiff sold certain assets to Defendant. Section 1.1 of the agreement defines "Accounts Receivable," and Section 5.2 of the agreement provides that "Accounts Receivable" remains Plaintiff's property. Additionally, Section 5.2 provides that Defendant will remit to Plaintiff, within 14 days of receipt, any payments made to Defendant for Plaintiff's Accounts Receivable.

The parties now dispute what amounts make up Plaintiff's Accounts Receivable under the agreement. As a result, Plaintiff filed the instant lawsuit, in which it asserts three claims relating to the Accounts Receivable: (1) breach of contract, (2) declaratory judgment, and (3) civil theft. In response to the complaint, Defendant filed the instant motion to stay pending

arbitration or to dismiss.

In its motion, Defendant argues that Section 5.2 of the agreement contains an arbitration provision that covers all of Plaintiff's claims. Specifically, Section 5.2 provides that if there is "any dispute regarding this Section 5.2, a neutral third party shall be agreed upon by Seller and Buyer and such party shall resolve the dispute." (Doc. No. 15, Ex. A). Therefore, Defendant asks the Court to stay this case pending arbitration. Plaintiff responds to Defendant's motion by agreeing that the parties should arbitrate their current dispute.

Additionally, Plaintiff asks that the Court prohibit any additional motions and/or claims from being asserted until after the arbitration is completed. Defendant responds that "[a]ll claims other than claims for equitable relief should be stayed during the arbitration." (Doc. No. 18). As there are currently no claims pending between the parties other than the three asserted in the complaint that the parties agree are subject to arbitration, the Court will stay this case pending the arbitration of those claims.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion to Stay Pending Arbitration, or in the Alternative, to Dismiss (Doc. No. 7) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that this case is **STAYED** pending the arbitration of Plaintiff's claims set forth in its complaint; otherwise, the motion is **DENIED**.

(2) The Clerk is instructed to **ADMINISTRATIVELY CLOSE** this case.

(3) On February 1, 2012 and every three months thereafter, Plaintiff shall file a status report with the Court detailing the status of the arbitration proceedings.

(4) Either party may move to return this case to active status at any time.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of October, 2011.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge